IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SANDRA ZELASKO**, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **08-366-MJR** |
| | ) | |
| **RODOLFO COMERIO, and** | ) | |
|  **KRUPP ELASTOMERTECHNIK**, | ) | |
| | ) | |
|        Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Rodolfo Comerio's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and/or to quash service, due to insufficient service of process in accordance with Federal Rule of Civil procedure 4 and the Hague Convention.[1] **(Doc. 13).** The defendant contends service by mail of untranslated documents, and without going through the central authority for process in Italy, is improper service. **(Doc. 14).** Plaintiff Zelasko counters that sending the complaint and summons directly to the defendant business via "registered certified mail" is consistent with Chapter I, Article 10, Section (a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (appended to Fed.R.Civ.P. 4); Federal Rule of Civil Procedure 4; and *Research Systems Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir.

---

[1] After consultation with U.S. District Judge Michael J. Reagan, for purposes of 28 U.S.C. § 636, the subject motion is construed as a motion to quash service, as opposed to a dispositive motion. Judge Reagan remains the final arbiter, in that an appeal to Judge Reagan is available under Section 636(b)(1)(A).

2002).  **(Doc. 16).**

Defendant Rodolfo Comerio is an Italian business organization with its principal place of business in Sobiate Olona, Italy.  Rodolfo Comerio maintains no property, employees, nor a registered agent in Illinois, although it has admittedly participated in several business exhibitions in Illinois.  **(*See* Doc. 15).**  Plaintiff initiated suit in the Circuit Court for the Second Judicial Circuit, Jefferson County, Illinois, by filing summons and complaint with the Illinois Secretary of State (as permitted by state law), and mailing the same to the defendant via certified <u>or</u> registered mail, or by "certified registered mail." **(*See* Doc. 14-2, p. 1; Doc. 14, p. 2; Doc. 16, p. 1).**  No signed receipt has been submitted by either party, but defendant Rodolfo Comerio does not take issue with the signature aspect of service.

Under Federal Rule of Civil Procedure 4(f)(1), service of process upon entities in foreign countries may be effected "by any internationally agreed means reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638]" (appended to Fed.R.Civ.P. 4).  "[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies." ***Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705 (1988).**

Chapter I, Article 5 of the Hague Convention prescribes: "The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either. . ." by a method prescribed by that State's law, or by a particular method requested by the applicant, unless that method is incompatible with the State's law. Article 5 specifies that service may always be made by delivery to a person who voluntarily

2

accepts it. Article 5 also states that the State "may" require the document to be translated into the official language of the State.

Chapter I, Article 10, Subsection (a) of the Hague Convention states that, provided the State does not object, the Convention shall not interfere with "the freedom to send judicial documents, by postal channels, directly to persons abroad." The defendant does not argue, and it does not appear that Italy has objected to the service by postal channels provision in Article 10(a). **(*See* <http://travel.state.gov/law/info/judicial/judicial_686.html>.** Federal Rule of Civil Procedure 4(f)(2)(C)(ii) states that if the applicable international agreement allows for alternate means of service, service by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served" is acceptable.

Plaintiff asserts that the Court of Appeals for the Seventh Circuit acknowledged in *Research Systems Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir. 2002), that service by simple certified mail is permitted by Article 10(a) of the Hague Convention, provided the receiving country does not object. Although that decision pertained to interpretation and application of a tolling statute under Indiana law and France, it does contain a comment reflecting that certified mail is an acceptable means of service under Article 10(a) of the Hague Convention. In any event, the plain language of Article 5 and Article 10(a), read together, permits service by mail in this situation, as Italy is a signatory to the Hague Convention and has not opted out of Article 10(a).

Defendant Rodolfo Comerio does not assert that there was an insufficient receipt, or lack of notice, or that Federal Rule of Civil Procedure 4(f)(2)(C)(ii) has been violated. Insofar as defendant notes that the complaint and summons were not translated, Articles 5 and 10 of the

Hague Convention do not require translation. Rather, the Central Authority of the receiving State *may* require translation, *if* it is serving the documents in accordance with Article 5(a), using its procedures for international service– which is not the situation. Defendant does not argue that it does not understand the documents or that it has otherwise not received adequate notice.

**IT IS THEREFORE ORDERED** that defendant Rodolfo Comerio's motion to to quash service **(Doc. 13)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED: July 14, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
